**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**BERNARDO PADILLA ALMANZA,**

Petitioner,

v. Civil Action No. **3:26CV1325 (RCY)**

**JEFF CRAWFORD, *et al.*,**

Respondents.

# MEMORANDUM OPINION

This matter comes before the Court on Petitioner Bernardo Padilla Alamanza's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition," ECF No. 6[1]), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). In his Petition, Petitioner alleges that Respondents' application of 8 U.S.C. § 1226(a) governs his detention, and his detention without a bond hearing necessarily violates the statute and deprives him of the process attached to the statutory scheme. Pet. ¶¶ 34, 37. For the reasons set forth below, the Court will grant the Petition (ECF No. 1).

## I. BACKGROUND

Petitioner is a citizen of Mexico. Pet. ¶ 27. He entered the United States without inspection at least twenty-four years ago, and has remained in the country since then. *Id.* ¶ 28. Petitioner has formed a life here, and he has four United States citizen children. *Id.* Petitioner is currently being held by Respondents at the Abyon Farmville Detention Center, and he has been denied a bond hearing pursuant to Respondents' application of 8 U.S.C. § 1225(b)(2).

[1] Petitioner's first-filed Petition, ECF No. 1, was deficient for lack of Petitioner's signature or that of a "next friend" authorized to sign on his behalf. Order, ECF No. 5. Petitioner cured this defect with the filing of the signed Amended Petition, ECF No. 6, which the Court utilizes and cites as the operative Petition in this matter.

Petitioner, through counsel, filed the instant Petition in this Court on October 28, 2026. ECF No. 6. On October 29, 2026, the Court issued a Memorandum Order directing that, on or before November 5, 2026, Respondents file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in *Lopez Garcia v. Guadian*, 190 F.4th 305 (4th Cir. Sep. 10, 2026), or an Opposition or other responsive pleading. Order, ECF No. 7.

On October 30, 2026, Respondents submitted their Notice responding to the Court's October 29 Order. ECF No. 8 ("Notice"). Consistent with the Court's Order, Respondents "submit that the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Lopez Garcia*; namely, both cases concern, *inter alia*, whether an alien who is present in the United States without admission is properly subject to mandatory detention (i.e., detention without the prospect of release on bond) during the pendency of his administrative removal proceedings pursuant to 8 U.S.C. § 1225(b)." Not. 1.

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. ANALYSIS

The immediately dispositive question in the instant Petition concerns whether Petitioner is

entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

Based on Respondents' representation that the facts of this case do not materially differ from those in *Lopez Garcia*, the Court finds that the Fourth Circuit's recent decision makes clear that, because Petitioner has been present in the United States since before his detention, and "Section 1226(a) properly governs the detention of noncitizens . . . present in the United States, regardless of how they came to be in our country," *Lopez Garcia*, 190 F.4th at 335, Petitioner's detention is governed by § 1226(a).

Under § 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge, during which an Immigration Judge must determine whether he poses a danger to the community and whether he constitutes a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge renders such a determination, Petitioner's continued detention is unlawful.

**IV. CONCLUSION**

For the above reasons, the Court will grant the Petition (ECF No. 6). An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: November 2, 2026
Richmond, Virginia